**DREXEL ENTERPRISES, INC., a corporation, Plaintiff,**

v.

**HERMITAGE HOUSE FURNITURE, INC., a corporation, Defendant.**

Civ. A. No. 68–977.

United States District Court,
D. South Carolina,
Columbia Division.

Jan. 26, 1970.

J. Means McFadden, Robinson, McFadden & Moore, Columbia, S. C., and Alfred T. Lee, Weil & Lee, New York City, for plaintiff.

Edward C. Cushman, Jr., Henderson, Salley, Cushman & Bodenheimer, Aiken, S. C., for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW, and ORDER

DONALD RUSSELL, District Judge.

This is an action seeking injunctive relief on account of an alleged trademark infringement and unfair competition. It was submitted to me on a stipulation of facts. Such stipulation is adopted and made the Findings of Fact of this Court. Based on such findings, I make the following Conclusions of Law:

CONCLUSIONS OF LAW

1. This Court has jurisdiction over the parties and the subject matter herein.

2. Plaintiff's Federal and State registrations of the mark "HERITAGE" are valid and subsisting and establish its statutory right to the exclusive use thereof in connection with furniture.

3. The defendant's earlier use of "HERITAGE" in its title "HERITAGE HOUSE FURNITURE", used by it in its retail furniture business located at West Columbia, South Carolina, and its present use of "HERMITAGE" in its title, "HERMITAGE HOUSE FURNITURE" (a change from "HERITAGE

HOUSE FURNITURE" made after complaint by plaintiff because of the earlier title), in connection with the sale of furniture, are infringements of plaintiff's right to enjoy the exclusive use and benefit of its trademark in connection with the manufacture and sale of furniture under the provisions of 15 U.S.C. sec. 1114(1) (a).

The change from "HERITAGE" to "HERMITAGE" in its title by the defendant, made under the circumstances set forth in the Findings of Fact, was made manifestly for the purpose of taking advantage of plaintiff's trademark and was a palpable attempt, by disguise, to use and trade on plaintiff's trademark. The defendant undoubtedly substituted "HERMITAGE" for "HERITAGE" in an attempt to perpetuate the confusion and deception created by his use of "HERITAGE". The similarity in the two words was striking and to the inexpert would have conveyed the false impression of sameness. Clearly, the defendant sought to employ a trademark so nearly like that of the plaintiff that the ordinary purchaser of furniture, buying with ordinary caution, would be misled into believing that the two were the same. See John Walker & Sons, Ltd. v. Bethea (D.C.S.C.1969) 305 F.Supp. 1302, in which Judge Hemphill has reviewed with perspicacity the pertinent authorities in this connection.

4. Plaintiff possesses, as a result of a considerable expenditure of effort and money, valuable rights in the word "HERITAGE", used in connection with furniture, at common law and the use of such word, either directly or through the disguise of "HERMITAGE", by the defendant in its furniture business is such as is reasonably calculated to mislead, deceive and confuse the public and to cause loss and damage to the plaintiff.

5. Plaintiff is entitled to an injunction against the use by the defendant of the word "HERITAGE" or "HERMITAGE" in any manner in connection with the designation of its place of business in the advertising or sale of furniture.

Judgment for injunction is hereby granted as prayed for by the plaintiff.

And it is so ordered.